# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

## ANNIE M. HOLCOMB, Respondent, v. EMMA D. CAMPBELL, Appellant.

*Evidence — when acts and declarations of a former owner of a mortgage are admitted as a part of the* res gestæ *to prove its payment.*

APPEAL by the defendant, from a judgment against her, entered in Rensselaer county upon the report of a referee, adjudging the mortgage, as to which the controversy arose between the parties, to have been satisfied and discharged by the payment of the mortgage debt.

The mortgage was made by the plaintiff and her husband, to Henry and Ephraim Alderman, in April, 1869, and was by them assigned, together with the bond to which it was collateral, to the defendant, July 19, 1884. The plaintiff claimed that the mortgage debt had been fully paid to the mortagees prior to the assignment to the defendant, and, as evidence bearing on the subject of such payment, the plaintiff was.allowed, against objection and exception, to testify to what were called accountings and settlements between her husband, the mortgagor, and the Aldermans, the mortgagees. She testified that she knew of more than one; that she thought there was one in April, 1874, and several others; either that year or the next year; that Ephraim was the one with whom the business was principally done. She then testified as follows: "There was a general looking over of accounts and bills on several occasions; the first looking over was September 1, 1874; $349.50 was found due my husband, to be indorsed on bond and mortgage; second interview was in April, 1875, $300; third interview, August, 1875, $20 and $35; September, 1876, $130.20; all due my husband from Aldermans; I recollect the transactions of April, 1874; the sum then agreed upon was $300."

The court, at General Term, after holding that the findings of fact of the referee were sustained by the evidence, said: "The

principal ground of error, as respects the admission of this evidence is, that it was but an admission of a former holder of the mortgage, and was inadmissible to affect the rights of the present plaintiff, who thereafter became the assignee, for value, of the security. It should be observed, however, that the transactions spoken of occurred while the relation of the parties was that of debtor and creditor, and related to matters involving that relation. As a transaction relating to and affecting those matters it was admissible, as would be evidence of a money payment by one to the other, had it been made. The evidence was much more in its significance than a mere admission by a former holder of the security, of an existing fact, unaccompanied by any act or transaction between the parties. It proved, if credited, a transaction, the looking over of accounts, adjusting the items, with an agreement between the parties, or, perhaps, a prior understanding between them during the running of the account, as to the application of the balance settled upon, or to be settled upon, by them; and this, as above suggested, at a time when their relation of debtor and creditor remained unaffected by any assignment of any claim or demand then within the scope of their action. It may be well assumed that as yet, that is, until the parties had ascertained the balance in each instance there had been no application of it, but when found by them it was to go in payment of the mortgage. The transaction would be an accord and satisfaction as to the account in each instance of looking over, on an application upon the mortgage of the balance found, as was understood and agreed should be done; and under such circumstances the agreement to make the application would be as effectual by way of payment upon the mortgage as if receipted to that effect or indorsed thereon. In either case the fact of payment would exist, the difference being only the evidence of the fact. Both parties would be concluded by the transaction; the mortgagor from further claim upon the matters of the account, and the mortgagees from denying the payment upon the mortgage as agreed. (*Davis* v. *Spencer*, 24 N. Y., 391.) The case is covered by the doctrine laid down in *Smith* v. *Schanck* (18 Barb., 344), where it was said in effect, that any agreement between the creditor and the debtor, upon which the latter acted, thereby constituting an agreement entitling him to claim a deduction from the demand

by way of payment or set-off before transfer of it, might be proved; that an agreement is an act done, and thereby differs from a simple declaration, and is provable in like manner as a payment in money or property would be.

"And it follows that what was said by the parties while the settlement was in progress was admissible as part of the *res gestœ*. In the view here taken of the case, the authorities cited by the counsel for the appellant on this branch of it have no application. The transaction testified to, if credited, constituted, both in equity and law, payments upon the mortgage, and they were open to proof as such, the same as would be a payment in money or in property. So, too, payment of a bond may be established by parol proof. See also, as bearing on this case, *Prouty* v. *Price* (50 Barb., 344). We think the evidence above considered was properly admitted."

*R. E. Andrews*, for the appellant.

*James Lansing*, for the respondent.

Opinions by Bookes, J., and Landon, J.; Learned, P. J., not voting.

Judgment affirmed, with costs.